IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY WHITAKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF CHESTER, et al. | : | NO. 14-4231 |

**MEMORANDUM**

SCHMEHL, J. SEPTEMBER 23, 2014

Plaintiff Tracy Whitaker, a prisoner at the State Correctional Institution at Coal Township, brings this action pursuant to 42 U.S.C. § 1983, based on allegations that the defendants illegally arrested him in 1994 and caused him to be falsely convicted and imprisoned. He also filed a motion to proceed *in forma pauperis*, a "Motion for Request to Produce Documents and Tangible Things, Under Rule 34," a "Motion to Supplemental Pleadings to 42 U.S.C. § 1983 Complaint Pursuant to Fed. Rule. Civ. Proc., Rule 15," and a "Declaration/Affidavit." For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis*, grant his motion to supplement and treat it and his declaration as part of the complaint, and dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff's discovery motion will be denied.

**I.    FACTS**

Plaintiff was arrested by officers of the Chester Police Department on May 18, 1994, in connection with a criminal complaint filed against him in Delaware County. A preliminary hearing was held in plaintiff's related criminal case on June 22, 1994, and he was held for trial. Plaintiff was subsequently charged in a criminal information, tried, convicted of crimes including first-degree murder, and sentenced to a term of imprisonment, which he is currently serving in

1

state prison. He appears to believe that his arrest was invalid and his convictions are void because the District Attorney and Assistant District Attorneys who charged and prosecuted him did not complete an oath and affirmation of office. He also alleges that the District Attorney failed to file a written designation authorizing the Assistant District Attorneys to act on his behalf, that his first degree murder charge was invalid because the crime was "abrogated" in 1972, and that his imprisonment is unlawful because the criminal judgment against him is essentially void.

Based on those allegations, plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983, against the City of Chester, Delaware County, the former District Attorney of Delaware County, two Assistant District Attorneys who were involved in prosecuting him, and two officials of the Pennsylvania Department of Corrections. He seeks a declaration that his rights have been violated, damages, and immediate release from imprisonment.

Plaintiff subsequently filed a "Motion to Supplemental Pleadings to 42 U.S.C. § 1983 Complaint Pursuant to Fed. Rule. Civ. Proc., Rule 15" and a "Declaration/Affidavit." Those filings supplement his initial complaint, but do not alter the essence of his claims. Plaintiff clarifies that, in his belief, the alleged defects in his criminal proceedings deprived the trial court of jurisdiction, which is why he believes the criminal judgment against him is "void," "annulled," and "abrogated." He also alleges that the defendants concealed the fact that they had not properly taken an oath of office through January 3, 1995, and that he received additional information about the alleged defects in their oaths in 2011. The Court will grant plaintiff's motion and treat those filings as part of his complaint. Plaintiff also filed a motion seeking discovery.

2

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Plaintiff's claims challenging the constitutionality of his prosecution and imprisonment are not cognizable in a civil rights action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or

3

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As it is apparent from the complaint that plaintiff is challenging a sentence he is currently serving for convictions that have not been invalidated, his claims are not cognizable in a civil rights action. To the extent plaintiff is arguing that his convictions have essentially been vacated because of the alleged jurisdictional defects in his state criminal proceeding, his argument is frivolous. In any event, prosecutors are absolutely immune from liability under § 1983 based on acts taken "within the scope of [their] duties in initiating and pursuing a criminal prosecution."[1] *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

To the extent plaintiff's false arrest and related false imprisonment claims are cognizable, those claims are time-barred. Pennsylvania's two-year limitations period applies to plaintiff's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the

---

[1] The prosecutors' alleged failure to take an oath of office does not deprive them of the immunity to which they would otherwise be entitled. *See Conklin v. Anthou*, 495 F. App'x 257, 264 (3d Cir. 2012) (per curiam).

4

Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," *Wallace*, 549 U.S. at 397, which, in plaintiff's case, occurred by June 22, 1994, when he received a preliminary hearing. However, the limitations period may be tolled in accordance with state law. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Pennsylvania allows for tolling based on the "discovery rule" or fraudulent concealment, which toll the limitations period until the plaintiff knew, or through the exercise of reasonable diligence could have known, of his injury and its cause. *See Knopick v. Connelly*, 639 F.3d 600, 607 (3d Cir. 2011). Here, plaintiff's filings reveal on their face that he was aware of his injury and its cause by 2011. In any event, he could have learned of the basis for his claims beforehand with the exercise of reasonable diligence, even accepting his allegations of fraudulent concealment through 1995. However, plaintiff did not file this action until July of 2014, which is after the limitations period expired.[2] His false arrest and false imprisonment claims are therefore untimely. In any event, the lack of an oath of office on file does not necessarily establish that the oaths were not taken.

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because plaintiff cannot cure the deficiencies in his claims. Accordingly, he will not be permitted to file an amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint—including the allegations contained in his motion to supplement and affidavit—with prejudice as legally

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint does not reflect when plaintiff delivered it for mailing, but it is dated July 6, 2014, and was received by the Court on July 14, 2014.

frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court will deny plaintiff's discovery motion, having dismissed all of his claims. An appropriate order follows, which shall be docketed separately.